## DAVLIN vs. HILL.

In an action on a promissory note, writings connected therewith by direct reference or necessary implication, were held to be admissible in the defence as parts of the same contract.

As where the defendant by writing agreed to purchase of the plaintiff, for a stipulated price, a certain piece of land; the price to be paid to J. W.; and afterwards the plaintiff by an instrument on the back of the foregoing agreement, under his hand, reciting that he had given to the defendant a deed of the land therein described, acknowledged that he had on the same day received therefor, two notes of hand " upon a condition that the notes shall be transferred to J. L. as agent for J. W. agreeable to the within agreement"— it was holden that in an action on one of said notes between the original parties that said agreements might be received in evidence to show that the note was given on a *condition precedent*, and thus defeat the action.

ASSUMPSIT on a promissory note for $61,55, dated *April* 8, 1829, given by the defendant to the plaintiff and payable in two years from the first of *June*, 1829.

The defendant introduced in evidence the following agreements, *viz* : " It is agreed by *Aaron Hill* of *Milo*, on the one part, and *John Davlin* of said *Milo*, on the other part that, the said *John* will sell and convey to said *Aaron* by deed the northerly half of a certain lot of land situate in said *Milo*, being lot numbered 72, and containing fifty-two acres and twenty-two rods ; the deed of the same to be made and executed to said *Hill*, as soon as said *John*, being now a foreigner, shall be legally qualified, either by himself, or his trustee, to make and execute the same. And said *Hill* on his part agrees to pay said *Davlin*, in full for the same premises, the sum of one hundred and four dollars and twenty-eight cents — one half in three years, and the other half in five years from this date, with interest to be paid annually. *The said sums to go in part for the northern half of a lot of land numbered 49, which said Davlin has agreed to purchase of John Welles, Esq.* situate in said *Milo*. Witness our hands this first day of *June, A.D.* 1826.

*Aaron Hill,*
*John Davlin.*"

On the back of this agreement was the following : *viz.*

" *Milo, April 8th,* 1829. I have this day given to the within named *Aaron Hill,* a deed of the within mentioned lot of land, and taken two notes for sixty-one dollars and fifty-five cents each, one payable the first of *June* next — the other in two years from that time, *upon a condition* that the said notes shall be transferred to *Joseph Lee,* as agent for *John Welles, Esq.* agreeable to the within agreement. *John Davlin.*

Attest, *Theoph. Sargent.*"

Also the following receipts, *viz :*

" *Milo, June* 1, 1830, Received of *Aaron Hill,* sixty-five dollars and seventy-eight cents, *on account of the purchase money of the within half of a lot of land,* No. 49 — agreed to sell *John Davlin.* *Joseph Lee,*
for *John Welles.*"

" *Milo, June* 1, 1830, Received of *Aaron Hill,* $65,78, in part of the purchase money of the northern half of a lot of land, No. 49, which I agreed to sell *John Davlin,* and in addition to a receipt of this date given for the same sum on the back of *Hill* and *Davlin's* contract. *Joseph Lee,* Agent of
*Arnold F. Welles,* Assignee of
*John Welles.*"

The defendant also introduced the deposition of *Theophilus Sargeant,* who deposed that he was present at the house of *Aaron Hill,* the defendant, at the time he signed the notes aforesaid — and that *Hill* refused to sign them on any other condition, than that *Davlin* should transfer them to *Col. Joseph Lee. Davlin* agreed that they should be so transferred, and *Hill* then signed them.

The foregoing contracts and receipts and the deposition of *Sargent,* were objected to by the plaintiff's counsel, but was admitted.

*Joseph Lee,* being also called by the defendant, testified that, he wrote the note and agreement aforesaid — that, at that time he was agent of *John Welles,* co-proprietor with himself of all the lands in *Milo* — that in *July,* 1829, *John Welles* assigned his interest in said lands to *A. F. Welles,* his son, whose agent he, the defendant, had since been, and not the agent of said *John*

*Welles* — that in *July*, 1829, he settled his accounts with *John Welles* — that the account of *John Welles* and himself, and the accounts of *A. F. Welles* and himself with the settlers were kept in his own name — that, there was an unsettled account of six or eight years standing between himself as agent, and *Hill*, the defendant, in which there was a balance of about $300, in favor of *Hill*, which was for working out on the highways, taxes assessed against the proprietors of *Milo* — that, he did not recollect how the balance was for one or two years last past — that when he gave the receipt for the second note, which was after the commencement of the suit on the first note, *August*, 1831, he took the defendant's note for the amount of the receipt.  He further testified that, as agent of *John* and *A. F. Welles*, he was then, and always had been ready at any time since the date of the note, to give a deed of the land referred to in the above agreement, and account for the notes in part payment — that, a few days after the making of the note, and while he was the agent of *John Welles*, he met *Davlin*, and informed him if he would transfer the notes to him, he would allow him for them and give him a deed of the land.

It was agreed that the contract between *Davlin* and *Lee* about the purchase of lot 49, was a verbal one.

The counsel for the plaintiff requested the presiding Judge to instruct the jury that, *Lee* having ceased to be the agent of *John Welles*, the transactions between him and the defendant did not discharge the note in suit, and that the plaintiff was entitled to recover.  But the Judge declined so to instruct the jury, and a verdict was returned for the defendant.  If the testimony objected to ought not to have been received, or if the instruction requested should have been given, the verdict was to be set aside.

*Rogers*, for the plaintiff, insisted that the agreement of *June 1*, 1826, with the addition thereto of 1829, were inadmissible on the ground of their tendency to contradict the note declared on, and to this point cited *Stackpole* v. *Arnold*, 11 *Mass*. 27 ; *Small* v. *Quincy*, 4 *Greenl*. 497 ; *Hanson* v. *Stetson*, 5 *Pick*. 506.

The two receipts of *June 1*, 1830, and the deposition of *Sargent*, were also inadmissible on the ground of their irrelevancy. *Rose* v. *Learned & al.* 14 *Mass*. and cases there cited.

The plaintiff was entitled to recover upon the whole case, — therefore the instructions to the jury were erroneous. That the construction of the contract was with the Court he cited, *Towle* v. *Bigelow*, 8 *Mass.* 384. And as to the principles of construction, *Sumner* v. *Williams*, 8 *Mass.* 204.

The agreement is ambiguous. There is nothing in the contract to show *why* the last clause of the agreement was introduced — there is nothing to connect it with any other contract or transaction — and unexplained, it amounts to nothing, and may be rejected.

The attempt by the defendant, is to show by parol, that a note absolute in its terms was given on a condition, which cannot succeed but in violation of legal principles. But if the evidence be admissible, it cannot be regarded as creating a *condition precedent*.

The indorsement of 1829, was designed by *Davlin* to discharge the contract of 1826, and nothing more.

*J. Appleton*, for the defendant, on the question of the admissibility of the evidence objected to, cited *Hunt* v. *Livermore*, 5 *Pick.* 395 ; *Burr* v. *Preston*, 8 *T. R.* 484 ; *Denniston* v. *Bacon*, 10 *Johns.* 198 ; 9 *Cowen*, 296 ; 2 *Con. R.* 302 ; 7 *Con. R.* 399.

To the position that the assignment of the notes was a *condition precedent*, he cited *Taylor* v. *Bullen*, 6 *Cowen*, 625 ; 7 *Term R.* 710 ; 6 *Term R.* 200.

WESTON J. — The counsel for the plaintiff, in support of his objection to the testimony received at the trial, has cited *Towle* v. *Bigelow*, 10 *Mass.* 379 ; *Stackpole* v. *Arnold*, 11 *Mass.* 27 ; *Rose* v. *Learned*, 14 *Mass.* 154 ; *Small* v. *Quincy*, 4 *Greenl.* 497, and *Hanson* v. *Stetson*, 5 *Pick.* 506. We have examined these cases, and find them authorities in support of the principle, that parol testimony is not admissible to vary or contradict that which is written. It is a rule of law too well settled to be controverted. And if the testimony received is liable to that objection, it ought to have been rejected. But such does not appear to have been its character. The defendant has not been permitted, nor did he offer, to vary the note by parol testimony.

By the written evidence in the case, it appears that in *June*, 1826, the defendant agreed to purchase, for a stipulated price, of the plaintiff, a certain piece of land ; the price to be paid to *John Welles*, on account of certain other land, which the plaintiff had agreed to purchase of him.   On the eighth of *April*, 1829, the day of the date of the note in suit, the plaintiff, by an instrument on the back of the foregoing agreement, under his hand, reciting that he had given to the defendant a deed of the land therein described, acknowledged that he had on the same day received therefor two notes of hand, describing the one in suit and another, " upon a condition that the said notes shall be transferred to *Joseph Lee*, as agent for *John Welles*, *Esq.* agreeable to the within agreement."   It is manifest that the note, the plaintiff's agreement in writing of the same date, and the instrument upon the back of which it was written, and which is referred to therein, were intended to be evidence of the stipulations of the parties, in relation to the transaction.   It was not necessary that the contract should be written on one piece of paper.   If written on several, connected by direct reference or necessary implication, they form together evidence of what the parties have agreed.   Of this character was the contract proved in *Hunt v. Livermore*, 5 *Pick.* 395, cited in the argument.   The suit was then brought upon a note of hand.   The defendant produced two other instruments, a bond and a receipt of the same date, connected with the note by reference.   The force of this authority is attempted to be avoided, upon the suggestion, that no objection was taken to the evidence exhibited by the defendant; but it is very manifest that if it had been taken, it would not have been sustained, as the court held that the note, the receipt and the bond should be construed, as if they were parts of one contract.

*Theophilus Sargeant* was a subscribing witness to the instrument, executed by the plaintiff.   His deposition, objected to at the trial, is in the case.   Correctly understood, it does not vary, but is in affirmance of the evidence in writing.   It is true he says the notes were given upon the condition, that they should be transferred to *Joseph Lee*, omitting his capacity as agent, but as he refers to the written agreement, in which his agency is stated, it must be considered also as implied in his deposition.   Two re-

Davlin *v.* Hill.

ceipts, showing payment of these notes to *Lee,* received in evidence, were also objected to. That which related to the note not in suit, may be considered as irrelevant, but came into the case, not as bearing upon the note in question, but because it was written upon one of the instruments in evidence. If the jury examined it, it had no tendency to affect the case. The other receipt was evidence of payment of the note to the party, appointed to receive it. But as we place the decision of this cause upon other grounds, the effect of this testimony becomes unimportant. The objections taken at the trial to the evidence received, were in our opinion properly overruled.

The note in suit was given upon the condition, that it should be transferred to *Lee,* as the agent of *Welles.* This we must regard as a condition precedent to the right to call upon the defendant for payment. It has not been performed ; and the objection is fatal to the action. What circumstances of mutual convenience produced this arrangement, it is not material to inquire. It is sufficient to know, that such was the agreement of the parties, who were competent to settle its terms ; and no fraud or imposition is imputed to the defendant. It was more convenient for him to pay the money to *Lee,* with whom he had dealings ; and he had a right to stipulate for the privilege of doing so. If the plaintiff has made a bargain with *Lee,* with which he is dissatisfied, or if he has confided to a verbal contract with him, when a written one only could be enforced, these circumstances cannot vary or affect the obligation of the agreement, on the part of the defendant. It results that the Judge was right, in withholding the instruction requested that the plaintiff was entitled to recover.

*Judgment on the verdict.*